## York County *against* Small.

An action upon a bond given by the commissioners of York county for the redemption of small notes may be removed from the jurisdiction of the Common Pleas of York county to that of Adams county, under the provisions of the Act of 6th June 1839.

A county commissioner is elected for three years, and until a successor be elected, and his official acts are binding upon the county although done after the lapse of three years, if his successor be not elected and sworn into office.

It is not a good defence to the payment of a bond, that it was given to redeem an illegal issue of small notes by the obligor.

ERROR to the Common Pleas of *Adams* county.

This was an action of debt commenced in the Common Pleas of York county by Philip A. Small and Samuel Small, against York county. It is founded upon a bond alleged to have been executed by the commissioners of York county, on the 15th day of October 1838, in favour of Philip A. Small and Samuel Small, in the sum of $3420, conditioned for the payment of $1710, with interest from the date, within one year thereafter. The bond was signed and sealed by Joseph Small and John Beck, as two of the commissioners of York county. The seal of the county was also affixed thereto, and the execution thereof, attested by Daniel Small, as clerk of the Board of Commissioners. Defendant pleaded *non est factum* and payment, with leave to give the special matter in evidence. During the pendency of the action it was transferred by virtue of an Act of Assembly, passed the 6th day of June 1839, from the Court of Common Pleas of York county to the Common Pleas of Adams county for trial; when the defendant put in a plea to the jurisdiction of the latter court. The ground of objection was, that it was not such a cause of action as came within the provisions of the Act; which provides, that "the Court of Common Pleas of Adams county shall take cognizance of, and have and exercise jurisdiction in all cases of debt, contract, claim, mechanics' lien, or demand arising, on work done, materials furnished, or *otherwise*, in *building* or *erecting* the new court-house in the county of York; and of contracts made for the purchase of the ground for erecting the said court-house, and for the trial of the appeals of the late county treasurer and commissioners, from the report of the auditors of said county; and the said Court of Common Pleas of Adams county shall have the same jurisdiction and power, in relation to said debts, contracts, claims, mechanics' liens, appeals and demands, as the Court of Common Pleas of York county now has, and the same mode of

[York County v. Small.]

trial shall be pursued in Adams county, that would by law have been pursued in York county; and the prothonotary of the Court of Common Pleas of York county, shall, at the request of any person or persons interested, certify to the Court of Common Pleas of Adams county, any record or records, mechanics' liens, entry, or other proceedings heretofore had, made, or entered, or thereafter to be had, made, or entered, in York county, in relation to said debts, claims, mechanics' liens, appeals and demands; and the prothonotary of Adams county shall enter the same on record, and the same proceeding may be had thereon in Adams county, that otherwise might have been had in York county, and with like effect. And the sheriff of Adams county shall serve all necessary process, under this Act, in the county of York, in the same manner, and with like effect, as the sheriff of York county might have done, except original process, which shall be executed by the sheriff of York county, and suits on said debts, contracts, claims, or demands, may hereafter be brought in the county of York, and removed for trial, as aforesaid, to the county of Adams." In regard to the plea to the jurisdiction of the court, the following facts were agreed on by the counsel for the respective parties, and submitted to the court in the form of a special verdict; to wit, that the bond upon which this suit was brought, was given for certificates of loan in the form as is hereinafter inserted, issued in pursuance of the following resolution of the commissioners of York county:

"Thursday, April 5th, 1838. The board again met in the commissioners' office, and, among other things, *Resolved*, that for the purpose of conducting and carrying on the building of a new court-house, offices, &c., certificates of loan be issued, as county certificates, to the amount of $40,000, which the Board hereby pledge the faith of the county to redeem at the expiration of two years from the date of the said certificates. The said certificates to be of the denomination of $1, $2, $3, and $5—to read as follows:—' The county of York promises to pay to the bearer, two years after date, at the treasurer's office, or the York Bank, —— dollars, with interest, at the rate of one per cent. per annum, part of a loan authorized by the county commissioners, by virtue of a resolution passed the 5th of April 1838.' Resolved, also, that the said certificates shall be signed by an assistant clerk and assistant treasurer, to be appointed for that purpose by the board hereafter. Resolved, also, further, that Daniel Small is hereby appointed treasurer of the building fund, to hold the said fund, and to pay all bills relating to the said building, and take receipts for the same, and keep an accurate account of all the receipts and disbursements; and, when the building is finished, to exhibit a plain and accurate account of the whole expenditure to the board of commissioners then in office; and should there appear to be a

[York County v. Small.]

balance of said fund in his hands, to pay the same to the order of such board of commissioners.

" May 17th, 1838. The board met in the commissioners' office pursuant to notice given. The certificates of loan being received, and the bank refusing to make a loan, the board resolved to issue the certificates forthwith. The following persons to sign the same, viz.: the $1 notes to be signed by H. H. Fry, as assistant clerk, and by W. Ilgenfritz, as assistant treasurer; no $2 notes having yet been received, the $3 notes to be signed by John Stroman, as assistant clerk, and Israel Koll, as assistant treasurer; the $5 notes to be signed by the said H. H. Fry, as assistant clerk, and W. Ilgenfritz, as assistant treasurer. The said persons having been notified of this appointment on the 18th instant, proceeded to perform their duty." That the said certificates of loan were received by the plaintiffs from various persons, and from others than those engaged about the building of the court-house; that all the said certificates of loans were not, in the first instance, paid to workmen, or for materials for the court-house. The court thereupon overruled the plea to their jurisdiction. On the trial of the issues joined upon the other pleas, evidence was given showing the execution of the bond, on the 15th of October 1838, by Joseph Small and John Beck, as commissioners of York county. That Joseph Small was elected a commissioner of York county on the 13th of October 1835, for a term of three years; and took the oath of office on the 3d of November following. That John Beck was elected to the office of commissioner for York county, on the 14th of October 1836, for a term of three years. The plaintiffs also offered to show further by Daniel Small, called as a witness on their behalf, that at the date of the bond, he was, and had been for a long time previous, clerk of the commissioners; and that Joseph Small and John Beck were at said date the acting commissioners of the county, had possession of the office, the custody of the seal, and performed the duties of commissioners; which was objected to by the counsel for the defendant, but the objection was overruled by the court; to which the defendant's counsel excepted. The witness then testified, that Joseph Small, John Beck, and William Nichols, were the three commissioners at the time the bond was executed, acted as such up to that date, and subsequently. That witness was their clerk; that Mr Small and Mr Beck had the custody of the office papers, seal, &c. That Mr Nichols was not present when the bond was executed. It was admitted that John Raymond was elected commissioner of York county on the 9th of October 1838, and on the 22d of the same month, took the oath of office. The plaintiffs' counsel then offered to read the bond in evidence, but it was objected to by the counsel of the defendant on the ground that Joseph Small was not a commissioner at the date of the bond. The court, however, overruled the objection; and the

counsel of the defendant thereupon excepted to the opinion of the court.   On the part of the defendant, Joseph Small, who had executed the bond as a commissioner of York county, was called as a witness, and testified that he signed the bond; that it was given for certificates issued by the board of commissioners, in pursuance of the resolution set out above, consisting of ones, twos, threes, and fives, meaning dollars.   That the plaintiffs received them for goods in their store; that the commissioners received them from the plaintiffs, and gave the bond for them; that witness had some of the certificates paid out by Daniel Small, did not know how many, but all that he ever saw paid out, were paid out by him. That they were issued by a resolution of the board of commissioners, and Daniel Small was appointed treasurer to pay them out. It was then admitted that the plaintiffs received them at their counter, in the course of trade, from those who worked on the courthouse and others; when the defendant's counsel asked the witness to state in what manner, and to whom, and for what the certificates, purporting to be issued by the county, were issued, part of which said certificates were the consideration of the bond on which this suit was brought.   The counsel of the plaintiffs objected to this question being answered, whereupon the court overruled the evidence; and the counsel for the defendant excepted to the opinion of the court in this behalf.   John Raymond, the successor of Joseph Small in the commissioner's office, testified that he was notified of his election on the evening that the return was made, 12th of October 1838; and that he never refused to accept the office.   It was then admitted that William Nichols was elected on the 10th of October 1837, and the certificate of his election filed on the 13th of the same month.

Errors assigned:

1. In overruling the plea to the jurisdiction of the Court of Common Pleas of Adams county.

2. In admitting the bond to be read in evidence.

3. In rejecting the defendant's offer to prove in what manner, and to whom and for what the certificates, purporting to be issued by the county, were issued, part of which said certificates were the consideration of the bond on which this suit was brought.

4. In charging the jury that the acts of Joseph Small, after the three years had expired for which he was elected commissioner, but before his successor, John Raymond, was sworn into office, were binding upon the county.

5. In charging that the certificates, for which the bond was given, were a valid consideration, and that the plaintiffs were entitled to recover on the bond, notwithstanding the certificates were issued illegally.

*Ramsey*, for plaintiff in error.

*Stevens* and *Hambly*, for the defendants in error, in support of the opinion of the court, embraced by the 3d error, cited 4 *Rawle* 411. And, in support of the opinion of the court, embraced by the 6th error, cited *Hess* v. *Werts* (4 *Serg. & Rawle* 356.)

The opinion of the Court was delivered by

KENNEDY, J.—The plea to the jurisdiction of the court was correctly overruled. The demand for which the bond was given, seems to be embraced by the Act of 1839, under which this action, brought for the recovery of it, was transferred from the Court of Common Pleas of York county to that of Adams county, for trial. It is clear that the certificates, which formed the consideration for giving the bond, were issued for the purpose of enabling the commissioners of the county to carry into effect the building and completion of the new court-house; and therefore may be said with the utmost propriety to have *arisen in building* the same; which would bring it within both the words and the meaning of the Act. The words in this respect are, "demands *arising* on work done, materials furnished, or *otherwise in building* or erecting the new court-house in the county of York;" so that it is sufficient, if the demand in suit has arisen in any way whatever from the building or erecting of the new court-house, to entitle the party interested to have it removed for trial to the county pointed out for that purpose, in order that it might be tried by a jury, free from all prejudice, as well as interest, in regard to it.

The court below were also right in permitting the bond to be read in evidence to the jury. The execution of it was very satisfactorily proved. And it was shown likewise that Joseph Small and John Beck, by whom it was executed as commissioners of the county, had been previously duly elected to that office; that they had taken upon themselves the execution of the duties appertaining thereto, and continued thence to do the same until after the execution of the bond. The exception is confined to Mr Small. It is contended that he was elected to the office for a term only of three years; and that having been elected to the office on the 13th of October 1835, his term expired on the 12th, or 13th at farthest, of October 1838, two or three days before he joined in executing the bond. And the more especially ought it to be so considered, as John Raymond had, previously to the execution of the bond, on the 10th of October 1838, been duly elected the successor of Mr Small in office, and was willing to accept the office. To this it may be answered, however, that under the Act of Assembly, Joseph Small was not elected merely for a term of three years to the office of commissioner, but until his successor should be elected or appointed. Now it is perfectly plain, that the reason for declaring that a preceding commissioner of the county should hold his office until a successor should be appointed or elected to take his place, was to prevent the office from becom-

[York County v. Small.]

ing vacant for any length of time, so far as it was practicable to provide against it. Hence, to effectuate the object of the Act in this respect, there does not appear to have been any impropriety in Joseph Small's continuing to perform the duties of a commissioner until his successor, John Raymond, took the oath of office prescribed by law, which was a prerequisite to his entering on the performance of the duties of it; but it was not taken by him until the 22d of October 1838, say seven days after the execution of the bond. At all events, it is abundantly clear that Joseph Small was in the full exercise of the duties of the office of commissioner of York county, at the time he executed the bond as such; and if not commissioner *de jure*, he was so *de facto*; and whether he was the one or the other, his act, in executing the bond in favour of the plaintiffs below, would be binding upon the county. This disposes of the second error, and goes to show that the court were right.

We also think that the third error has not been sustained. The offer was quite too general. Nothing whatever, pertinent to the issue, is specified in it; and it would be unreasonable, if nothing worse, to have the time of the court and jury occupied in hearing evidence, unless the nature and import of it be stated, so that the court may judge whether it is relevant or not to the issues trying.

The fourth error has been answered in what is said above on the second error, and the direction of the court, complained of in it, shown to be correct.

The fifth error raises the question, whether the bond is valid and recoverable, seeing it was given for promissory notes or certificates, issued and put into circulation by order of the board of commissioners of the county of York, contrary to law. This question is not of difficult solution; for notwithstanding the certificates were issued in violation of Acts of Assembly prohibiting the same, yet by the Acts of the 22d of March 1817, and the 12th of April 1828, the party issuing them is made, in express terms, liable to pay them. Here the county of York is regarded as the party that issued the certificates, for which the bond was given; and being liable under the Acts of Assembly to pay them, it follows that the bond is good and binding.

Judgment affirmed.