## M'Gargell *against* The Hazleton Coal Company.

In a suit against a corporation for a penalty for illegally issuing notes, evidence is admissible to show that the officer representing the corporation was an officer *de facto.*

ERROR to the Common Pleas of *Northampton* county.

This suit was brought before a justice of the peace by John M'Gargell against The Hazleton Coal Company, to recover the penalty of $50 under the second section of the Act of 22d March 1817, for issuing the following note:

"No. 1237.——Incorporated 1836.—Capital $400,000.——B.

"This is to certify that there is due from the *Hazleton Coal Company* to P. A. Reading, or bearer, FIVE Dollars, Value Received, payable one year after date, at the office of the Company, Philadelphia, with interest at six per cent. per annum, being part of a loan authorized by the Act of the Legislature of Pennsylvania of the 8th day of March 1839.

PHILADELPHIA, Jan'y 1, 1840.

R. MINER, for Treas'r.                    SAM'L MOORE, Pres't."

The plaintiff called a witness, who testified that he was well acquainted with the handwriting of Samuel Moore; had seen him write and received letters from him, and that the signature to the note was his; and then offered to prove by the witness that Samuel Moore, who signed the note and on whom the summons was served, said he was the president of the said The Hazleton Coal Company; was called such, acted as such, and was *de facto* the president of the company when the note in question was signed. That the witness had a conversation with Moore about the taking of the notes, like the one for the issuing of which this suit was brought, for the Hazleton Coal Company, in payment for coal; that Moore said he would take them as the president of the Company for coal; that he told the witness he had made arrangements as the president of the company, along the line of canal, with the merchants and grocers to take the notes, like the one in question, of the boatmen of the company.

The defendant objected to this evidence, and the court rejected it; to which rejection the plaintiff excepted, and assigned it for error.

*Brodhead,* for plaintiff in error, contended that if the evidence offered was evidence for any purpose, it was error to reject it. The purpose of offering evidence need not be stated at the time, unless it is asked. 4 *Binn.* 198. Here the evidence that Moore

[M'Gargell v. The Hazleton Coal Company.]

was president *de facto* was clearly admissible. It is sufficient to show an officer *de facto,* where the public or third persons are to be affected, though it may be otherwise where an officer himself sues. 7 *Serg. & Rawle* 392; 2 *Rawle* 139; 2 *Watts & Serg.* 41; 12 *Wheat.* 87; *Ang. on Corp.* 156. If the defendants, by an officer *de facto,* issued these notes, they come within the purview of the Act of 22d of March 1817, sec. 2, 3, as much as if they had done so through the medium of an officer *de jure.* An appointment to office may be implied from holding out a person as officer, or a recognition of his acts as such.

*Reeder, contra.* The question is, whether the declarations of Moore are evidence against the company in a suit against them on a penal statute, without proof that he was their officer. The declarations of Moore cannot have that effect. Any one might then go and declare himself president and sign these notes, and thus make the company liable. In an indictment against commissioners of a county, their election must be shown. 9 *Watts* 114. Penal convictions are more strictly construed than indictments. 1 *Chitt. Cr. Law* 284. Moore is not a party to the suit, and there could be no judgment against him, notwithstanding the words of the Act of Assembly; therefore the evidence allowed in cases of fraudulent combination does not apply. 3 *Watts* 230; 3 *Serg. & Rawle* 16; 1 *Rawle* 361.

The opinion of the Court was delivered by

SERGEANT, J.—A corporation may act by means of an officer *de facto* as fully and effectually, as regards the public and third persons, as by an officer *de jure.* *Riddle* v. *The County of Bedford,* (7 *Serg. & Rawle* 392); *York County* v. *Small,* (1 *Watts & Serg.* 320); *Kingsbury* v. *Ledyard,* (2 *Watts & Serg.* 41); *Ang. & Ames on Corp.* 73, 159. An officer *de facto* seems to be a person who is such by colour of election, though ineligible, or though the office was not vacant. *Lutw.* 508; *Cro. Jac.* 552; *Cro. Eliz.* 508, cited in *Ang. & Ames on Corp.* 159. Lord Ellenborough defines an officer *de facto* to be one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law. *Rex* v. *The Corporation of Bedford Level,* (6 *East* 368). And Mr Justice Story, in the *Bank of United States* v. *Dandridge,* in giving the opinion of the court, says, persons acting publicly as officers of a corporation are to be presumed rightfully in office. Here the plaintiff offered to prove that Samuel Moore was the president *de facto,* and if that were made out, it was sufficient to render the corporation responsible under the Act of Assembly.

Judgment reversed, and a *venire facias de novo* awarded.